■ GREAT ATLANTIC & PACIFIC TEA Co., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39750.) GARFIELD HOMES, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39736.) —AULISI, J. Appeals from two judgments of the Court of Claims, dated February 25, 1965 in the case of the landlord, Garfield, and March 1, 1965 in the case of the tenant, the Great Atlantic & Pacific Tea Company, Inc., which awarded the landlord the sum of $37,532.32 and the tenant $3,602.68 as damages to their respective interests in certain real property caused by the State's appropriation of a fee and temporary easement pursuant to section 30 of the Highway Law. On the date of the appropriation, October 30, 1959, the landlord owned two adjacent parcels of land, one contained a one-story brick building 50 feet by 125 feet which housed a supermarket operated by the tenant, A & P. The other parcel, behind the supermarket, was a vacant lot about 25 feet by 100 feet. The 50-foot front of the supermarket was on the north side of Jericho Turnpike while one of its sides faced Willis Avenue. The State took the entire frontage on Jericho Turnpike up to a depth of 18½ feet in fee and acquired a temporary easement to a further depth of 10 feet across the entire frontage, totaling 6,250 square feet, or, as the trial court found, approximately 25% of the supermarket premises. At the time A & P had been paying a rent of $541.60 per month or $6,500 a year under a lease which was to terminate on April 30, 1964 but which contained an option for a five-year renewal at $581.60 monthly rental or $7,100 per year. The trial court found, and no one appears to disagree, that the A & P remained in full control and possession of the premises beyond the appropriation date of October 30, 1959 and up until June 30, 1960 and continued to pay rent to Garfield for that period. Also, there appears to be no dispute that the economic rent of the building leased to the A & P was $750 a month or $9,000 a year. Since A & P, as found by the trial court, remained in complete possession of the premises until June 30, 1960 and paid Garfield rent until that day, there were no damages sustained by either the tenant or the landlord until July 1, 1960. The award to the landlord and tenant of $30,900 for the fee taking, representing the direct and consequential damages to the entire property is not contested by the State. Nor does it express any interest in the apportionment of this amount made by the trial court as between the landlord and tenant. The tenant's obligation to the landlord for the rent reserved — in the absence of a termination clause in the lease drawn by A & P — is not affected by the appropriation itself. Any portion of the recovery, therefore, which represents rent for the premises, if awarded to the tenant would have to be ultimately paid over to the landlord. The trial court, in awarding an additional $10,235 to the landlord for the direct and consequential damages to the rental value of the premises by the temporary easement, merely avoided a circuitous route and the tenant in any action by the landlord for the rent may, as far as here appears,

plead this as an answer or as a partial payment for the rent reserved. In any event, as between the State on the one hand and the lessor and lessee collectively on the other, this award was correct and any rights and equities as between the lessor and lessee with respect to it may properly be determined in the litigation now pending between them in another court. Nor is there any question of double recovery involved, as the State contends, in awarding damages for the fee and damages for the temporary easement. The trial court's findings as supported by the testimony of the experts make evident that the award for the fee taking in no way included the damages caused to the premises by the temporary easement. The State did not relinquish its temporary easement until August 13, 1963 when it filed a certificate of termination pursuant to subdivision 20 of section 30 of the Highway Law. The State's contention that the effect of the easement had terminated previous to such filing is without merit (*Porter* v. *International Bridge Co.*, 200 N. Y. 234). The tenant's argument on the fixtures issue likewise depends on the theory that the taking rendered the entire store valueless to the A & P, a finding which the trial court, in our opinion, properly refused to make. Additionally, there was a basic lack of proof at the trial as to which items were removed from the store, what became of them, what was the damage to the items remaining in relation to the portion of the store appropriated and, of the items removed, which had been located in the area appropriated. The trial court, therefore, was correct in refusing to award anything to the tenant for fixtures. Judgment affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur. [44 Misc 2d 738.]